# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7103 | **DATE** | 5/9/2003 |
| **CASE TITLE** | Brand et al vs. Rohr-Ville Motors, Inc. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/12/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 14-1) to dismiss is granted in part and denied in part. Count I is dismissed without prejudice. The Court amends its Memorandum Opinion, in that plaintiffs are granted leave to amend Count I by May 23, 2003. If not amended by May 23, 2003, the dismissal of Count I will become with prejudice. Count III is dismissed with prejudice. Defendant is given to June 6, 2003 to answer all pending counts. All discovery to be completed by August 12, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |

U.S. DISTRICT COURT
CLERK
00 MAY -9 AM 11:09

Date/time received in central Clerk's Office

Document Number

21

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIKKI BRAND and MICHAEL STANDIFER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 02 C 7103 |
| | ) | |
| ROHR-VILLE MOTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Rohr-Ville Motors, Inc.'s ("Rohr-Ville") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we grant the motion in part and deny it in part.

## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the complaint as true and draw all reasonable inferences in a light most favorable to Plaintiffs Nikki Brand and Michael Standifer. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiffs purchased a Kia Sephia automobile on credit from Rohr-Ville. Shortly thereafter Rohr-Ville allegedly revoked their credit and repossessed the vehicle. Rohr-Ville allegedly never informed

Plaintiffs why specifically they were denied financing. Furthermore, Plaintiffs never gave them any written notification regarding the denial of credit.

In the motion to dismiss, Rohr-Ville attaches a Retail Installment Contract ("RIC") and rider to the RIC ("Rider"), which were executed between Rohr-Ville and Plaintiffs. The RIC governed Plaintiffs' debt obligations and was intended to be assigned to the financing entity, Household Automotive Finance ("Household"). The Rider permitted Rohr-Ville to cancel the RIC if Rohr-Ville was unable to sell, transfer, or otherwise negotiate the RIC to a third party financing entity (such as Household) within five business days. The Rider further stated that, upon such cancellation of the RIC and upon Rohr-Ville's demand, Plaintiffs must return the car to Rohr-Ville. Rohr-Ville alleges that it was unable to sell, transfer, or otherwise negotiate the RIC to Household within five business days and so cancelled the RIC. Rohr-Ville further alleges it demanded Plaintiffs return the car, but they did not. Thereafter, Rohr-Ville repossessed the vehicle.

The complaint alleges three counts. Count I is an Equal Credit Opportunity Act claim. 15 U.S.C. § 1691. Count II is a Fair Credit Reporting Act claim. 15 U.S.C. § 1681. Count III is an Illinois Commercial Code claim. 810 ILCS 5/9-609-612, 614-16, 621, and 623. Rohr-Ville moves to dismiss the entire complaint.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). With these principles in mind, we now address the motion before us.

## DISCUSSION

Before addressing the merits of Rohr-Ville's motion to dismiss, we must first clarify certain inconsistencies put forth by both sides. In the complaint, Plaintiffs allege that Rohr-Ville denied their application for credit. (Complaint ¶¶ 6-10). Elsewhere in the complaint, Plaintiffs allege that Rohr-Ville actually extended them credit but later revoked it. (Complaint ¶¶ 1, 14-15). Plaintiffs cannot have it both ways. In its briefs, Rohr-Ville sometimes states that the RIC was assigned to Household. (Memorandum at 4, 5; Reply at 4, 5-6). Elsewhere in its briefs, Rohr-Ville

relies on the fact that it could not assign the RIC as its basis for cancelling the RIC. (Memorandum at 2, 7; Reply at 4, 6). Rohr-Ville cannot have it both ways. Having reviewed the RIC and the attached Rider, we resolve these inconsistencies as a matter of law. *See Shelby County State Bank v. Van Diest Supply Co.*, 303 F.3d 832, 835 (7th Cir. 2002) (contract interpretation is a question of law).

Rohr-Ville both extended credit and sold the car to Plaintiffs pursuant to the RIC. Both sides knew (at least constructively) that Rohr-Ville intended to assign (by sale, transfer, or otherwise) the RIC to Household. The RIC was subject to a condition subsequent in the Rider that allowed Rohr-Ville to cancel the RIC if it could not assign the RIC to Household within five business days. Allegedly having been unable to assign the RIC within the specified time period, Rohr-Ville cancelled the RIC and asked Plaintiffs to return the car. Thus, Rohr-Ville did not deny Plaintiffs' application for credit; Rohr-Ville extended them credit and later revoked it. Additionally, Rohr-Ville never assigned the RIC to Household; indeed it was Rohr-Ville's alleged inability to assign the RIC that permitted it to cancel the RIC.

## I.    Equal Credit Opportunity Act

In Count I, Plaintiffs allege violations of the Equal Credit Opportunity Act ("ECOA"). The ECOA entitles applicants for credit to written notification of an adverse action from a creditor and a statement of the reasons therefor. 15 U.S.C.

§ 1691(d)(2). Plaintiffs allege Rohr-Ville violated the ECOA when it revoked the credit it allegedly extended them without providing the required written notification. Rohr-Ville counters that it was merely a third party to the credit application process. Specifically, Rohr-Ville states that it tried to obtain credit for Plaintiffs from Household. The ECOA contemplates such an arrangement and provides:

> Where a creditor has been requested by a third party to make a specific extension of credit directly or indirectly to an applicant, the notification and statement of reasons required by this subsection may be made directly by such creditor, or indirectly through the third party, provided in either case that the identity of the creditor is disclosed.

15 U.S.C. § 1691(d)(4). The complaint alleges that Rohr-Ville never gave written notification but makes no mention as to whether they received written notification directly from Household. The statute does not require Rohr-Ville to give the written notification; it requires either Rohr-Ville *or* Household to give the written notification. 15 U.S.C. § 1691(d)(4). Thus, in order to state a cause of action, Plaintiffs must allege the injury of not receiving written notification from either source. They did not do this. Count I is dismissed without prejudice.

## II.     Fair Credit Reporting Act

In Count II, Plaintiffs allege violations of the Fair Credit Reporting Act ("FCRA"). The FCRA requires a person that "takes adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer

report" to provide notification of the decision and to disclose certain information regarding the consumer reporting agency that issued the consumer report. 15 U.S.C. § 1681m(a).

Rohr-Ville argues that we should dismiss the FCRA claim pursuant to *Treadway v. Gateway Chevrolet*, 2002 WL 554513 (N.D. Ill. April 12, 2002). In *Treadway*, the court dismissed an FCRA claim because it found that the defendant itself (an automobile dealer) did not use a consumer report while attempting to arrange financing for the plaintiff consumer from a financing entity. *Id*. The *Treadway* court specifically noted that the plaintiff failed to allege that the dealer itself (as opposed to the financing entity) relied on a credit report in denying her credit. *Id*. Unlike the plaintiff in *Treadway*, however, Brand and Standifer do allege that Rohr-Ville itself relied on a credit report when it revoked their credit. Additionally, unlike the dealer in *Treadway* that only tried to arrange for financing for the consumer, Rohr-Ville actually extended credit to Plaintiffs and then attempted to sell or otherwise assign the credit rights to Household.

Rohr-Ville also relies on an exclusion in the FCRA as a basis to dismiss Count II. The FCRA excludes from the definition of consumer report:

> . . . any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys his or her decision with respect to such request, if the third party

> advises the consumer of the name and address of the person to whom the request was made, and such person makes the disclosures to the consumer required under section 1681m of this title.

15 U.S.C. § 1681a(d)(2)(C). In other words, Rohr-Ville's decision to revoke Plaintiffs' credit will be not be deemed to be based on a consumer report if it was based on Household's decision to not extend credit and if Household made the required FCRA disclosures to Plaintiffs. Again, we are faced with the dilemma of not knowing whether or not Household made any such disclosure to Plaintiffs. Here, unlike the ECOA claim, however, Plaintiffs have stated a claim for which relief can be granted. They allege that Rohr-Ville revoked their credit based on a consumer report. Rohr-Ville counter-alleges that its decision to revoke Plaintiffs' credit was based, not on a consumer report, but on Household's decision not to extend credit. Because this is a motion to dismiss, we must accept Plaintiffs version of the facts. *See Bontkowski*, 998 F.2d at 461. Accordingly, Count II is not dismissed.

### III.    Illinois Commercial Code

In Count III, Plaintiffs allege that Rohr-Ville's repossession of the car violated several sections of the Illinois Commercial Code:  810 ILCS 5/9-609-612, 614-616, 621, and 623. None of those statutes, however, govern the alleged conduct. Article 9 of the Illinois Commercial Code governs secured transactions. 810 ILCS 5/9-101-5/9-9902. Rohr-Ville did not repossess the car pursuant to a security interest.

Rohr-Ville repossessed the car pursuant to its ownership interest. Rohr-Ville became the owner of the vehicle when the RIC was cancelled pursuant to the condition subsequent in the Rider. *See Burns v. Elmhurst Auto Mall, Inc.*, 2001 WL 521840, at *2-3 (N.D. Ill. May 16, 2001) (dismissing Illinois Commercial Code repossession claims because auto dealer became owner of the vehicle at issue upon cancellation of the governing retail installment contract due to the condition subsequent of dealer's inability to assign the retail installment contract to a financing entity). Accordingly, Count III is dismissed with prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant the motion in part and deny it in part. Count I is dismissed without prejudice. Plaintiffs are granted leave to amend Count I within thirty days. If not amended within thirty days, the dismissal of Count I will become with prejudice. Count III is dismissed with prejudice.

Charles P. Kocoras

Charles P. Kocoras
Chief Judge
United States District Court

Dated: ___MAY - 9 2003___